UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM W. LUMPKINS, | CASE NO. 3:22-cv-5852 |
| Petitioner, | ORDER |
| v. | |
| JASON BENNETT, | |
| Respondent. | |

## 1.  INTRODUCTION

Before the Court are a motion and an objection by Petitioner William W. Lumpkins regarding his habeas petition under 28 U.S.C. § 2254 seeking relief from his state court conviction and sentence. Dkt. Nos. 16, 17. First, Lumpkins moves the Court to extend the deadline to respond to United States Magistrate Judge David W. Christel's report and recommendation (R&R). Dkt. No. 16. Second, Lumpkins objects to the dismissal of his case, arguing his petition is not properly before this Court and that it should be preserved until after he has properly exhausted all issues in state court. Dkt. No. 17. For the reasons explained below, the Court GRANTS Lumpkins's motion to extend the objections deadline and VACATES its

earlier order and judgment dismissing the case, Dkt. Nos. 14, 15. The Court OVERRULES Lumpkins's objection in part, and adopts the R&R in part. The Court ORDERS supplemental briefing.

## 2.  BACKGROUND

Because Lumpkins raises the issue of exhaustion, the Court recounts the relevant underlying procedural background. On October 16, 2015, in the Superior Court of Washington for Grays Harbor County ("trial court"), a jury found Lumpkins guilty of first-degree rape and second-degree assault with sexual motivation. Dkt. No. 12-1 at 40. On December 4, 2015, the trial court imposed concurrent indeterminate sentences of 184 months to life on the rape conviction and 53 months to life on the assault conviction. *Id.*; *see also id.* at 25. Attorney Kevin Johnson represented Lumpkins during the trial court proceedings.

A different attorney, Jennifer Sweigert, directly appealed the verdict on Lumpkins's behalf. In addition, Johnson filed a motion to vacate the judgment which the trial court transferred to the court of appeals as a personal restraint petition (PRP). Dkt. No. 12-1 at 113, 133. Lumpkins also filed a pro se PRP. *Id.* at 135-143.

The court of appeals consolidated all three matters and issued an opinion on September 18, 2018. Dkt. No. 12-1 at 20-38. It granted part of Lumpkins's appeal and remanded the case to the trial court to vacate the second-degree assault with sexual motivation conviction and to resentence. *Id.* at 38. It dismissed the other grounds raised on appeal and both PRPs. *Id.* at 21. Proceeding pro se, Lumpkins moved for discretionary review by the Washington Supreme Court. *Id.* at 279-341.

On February 6, 2019, the State Supreme Court denied Lumpkins's petition for review without comment. *Id.* at 343.

On April 8, 2019, the trial court entered judgment against Lumpkins on the first-degree rape charge, and dropped the sexual assault charge. *Id.* at 2. In April 2020, Lumpkins, through attorney Thomas E. Weaver, filed a second appeal objecting to two scrivener's errors requiring correction. *Id.* at 348-61. Lumpkins and the state filed a stipulated motion to stay appellate proceedings and to remand the case to the trial court to enter an agreed Amended Judgment and Sentence, which the court of appeals granted. *Id.* at 365. On March 11, 2021, Superior Court Judge Edwards signed an Order Amending and Modifying Judgment and Sentence. *Id.* at 382. The court of appeals dismissed Lumpkins's appeal, and its order became final on May 11, 2021. *Id.* at 391.

After receiving the amended sentence, Lumpkins filed two additional PRPs. First, in 2021, Lumpkins filed a letter with the trial court (*Id.* at 395), which it construed as a PRP and transferred to the court of appeals (Dkt. No. 12-1 at 394; Dkt. No. 12-2 at 2). On July 13, 2021, the court of appeals dismissed Lumpkins's petition. Dkt. No. 12-2 at 2.

Next, in 2022, Lumpkins moved to vacate his judgment and sentence. *Id.* at 7-16. The trial court transferred Lumpkins's motion to the court of appeals for consideration as a PRP. *Id.* at 37. The court of appeals found the PRP successive and transferred it to the State Supreme Court for consideration. *Id.* at 126. On September 30, 2022, the Deputy Commissioner dismissed Lumpkins's PRP. *Id.* at 130.

ORDER - 3

Proceeding pro se and in forma pauperis, Lumpkins petitioned for a writ of habeas corpus in federal court raising four grounds for relief: (1) the state failed to prove sexual intercourse—an essential element of his rape conviction; (2) he received ineffective assistance from his counsel because Johnson failed to properly call and subpoena the Y-STR DNA analyst as an expert witness; (3) the state engaged in prosecutorial misconduct by arguing Lumpkins used a condom, even though no evidence supported that statement; and (4) the state presented the victim with a tainted photo montage that included a picture of Lumpkins photoshopped from his Illinois identification card that police unlawfully seized. Dkt. No. 7 at 5-10. Although Respondent Jason Bennett opposed the petition on the merits, he acknowledged "Lumpkins properly exhausted his claims by fairly presenting the claims to the Washington courts[.]" Dkt. No. 11 at 6.

Judge Christel found the state court's adjudication of grounds one, two, and three was not contrary to, nor an unreasonable application of, clearly established federal law. Dkt. No. 13 at 19. He also concluded ground four did not state a cognizable claim under § 2254. *Id.* Judge Christel ordered the parties to object to the R&R by June 2, 2023. *Id.*

Lumpkins did not file a timely objection, so on August 10, 2023, this Court adopted the R&R, denied Lumpkins's petition, and issued a judgment dismissing the case. Dkt. Nos. 14, 15. Soon after, Lumpkins moved to extend the deadline and objected to the R&R. Dkt. Nos. 16, 17. Specifically, Lumpkins argues "[t]he issues and the grounds presented in this petition were raised improperly" and asks the

ORDER - 4

Court to stay his petition so that he may exhaust his state remedies. Dkt. No. 17 at 1-2.

## 3. DISCUSSION

### 3.1 The Court vacates its prior order and judgment.

When the Court dismissed this case, Lumpkins had not yet filed an objection to Judge Christel's report and recommendation. *See* Dkt. On August 16, 2023, Lumpkins filed a motion for an extension of time to object because he had broken his jaw and was hospitalized without access to the law library, e-filing, or writing materials. Dkt. No. 16 at 1. Lumpkins's hospitalization spanned June 2, 2023, to July 31, 2023. *Id.* Although his hospitalization appears to have begun on the deadline to object, giving Lumpkins the benefit of the doubt, the Court presumes he experienced related medical issues before the deadline and his opportunity to respond was cut short. Further, Lumpkins did not receive a copy of the R&R until May 24, 2023, and thus was not given a full 14 days to object before the deadline. *See* Dkt. No. 17 at 1.

Because Lumpkins moved for an extension after the Court denied his petition and entered judgment, the Court liberally construes his motion as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). *See Hardy v. Haynes*, No. C20-5898-JCC, 2021 WL 1172037, at *1 (W.D. Wash. Mar. 29, 2021) (citing *Harvest v. Castro*, 531 F.3d 737, 745-46 (9th Cir. 2008)). Rule 60(b) permits relief from judgment in certain circumstances, including when there is a showing of "mistake, inadvertence, or excusable neglect[.]" Lumpkins shows he was unable to

timely object to the R&R because of excusable neglect. Accordingly, the Court GRANTS Lumpkins's motion and VACATES is prior order and judgment denying Lumpkins's habeas petition, Dkt. Nos. 14 and 15.

3.2    **The Court considers Lumpkins's objection.**

The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Further, the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

For the first time, Lumpkins asks the Court to stay the case while he fully exhausts his claims before the state courts. Because this matter was not raised in the previous briefing before Judge Christel, the Court considers de novo whether Lumpkins properly exhausted his claims.

### 3.2.1    Lumpkins exhausted his first and third grounds for relief.

A petitioner must exhaust all available state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). For a petitioner to exhaust a claim, they must "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting those claims to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Therefore, to fully exhaust the petitioner must fairly present each claim "in each appropriate state court (including a state supreme court with powers of discretionary review)[.]" *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The petitioner must reference a specific federal constitutional

guarantee, as well as a statement of the facts entitling them to relief. *Gray v. Netherland*, 518 U.S. 152, 162-163 (1996); *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005). "[P]ro se petitions[, however,] are held to a more lenient standard than counseled petitions." *Kyzar v. Ryan*, 780 F.3d 940, 947 (9th Cir. 2015) (cleaned up).

Lumpkins exhausted his claims that the state failed to prove the element of sexual intercourse (Ground 1) and that the prosecutor's closing arguments mislead the jury (Ground 3). In his PRP filed in 2022, Lumpkins argued the state violated his Sixth and Fourteenth Amendment rights by denying him due process. Dkt. No. 12-2 at 13. Specifically, he argues the state "did not prove the essential element of 'sexual intercourse'" (Dkt. No. 12-2 at 13) and the prosecutor mislead the jury during closing arguments because she presented "phantom evidence of a condom" by stating:

> And then you have the victim's DNA mixed with the defendant's in the fly of his underwear. And the only way that gets there under the facts of this case is that they had sex and that the defendant used a condom. That would explain why his DNA is not present on her, why it's not on his penis but was on his underwear, and the only way it gets there is for them to have contact.

Dkt. No. 12-2 at 14 (quoting VRP 360).

The court of appeals found Lumpkins's 2022 PRP to be successive and transferred it to the State Supreme Court. Dkt. No. 12-2 at 125. The Deputy Commissioner held the prosecutor drew a reasonable inference from the evidence given that an officer testified that an empty condom wrapper was found at the location of the assault matching the lot numbers of condoms found in the victim's

ORDER - 7

purse and the victim's DNA was found only on Lumpkins's underwear. Dkt. No. 12-2 at 129. The Deputy Commissioner also held "the victim's testimony that she felt she had just had sex, lacerations on her genitalia, and evidence that Lumpkins had used a condom raise[d] a reasonable inference that there was penetration, however slight." *Id.* He dismissed Lumpkins's 2022 PRP. *Id.* at 130.

### 3.2.2  Lumpkins appears to have failed to exhaust his second ground for relief and it is unclear whether he exhausted his fourth ground for relief.

Lumpkins appears to have only partially exhausted his claims that he received ineffective assistance of counsel (Ground 2). In his direct appeal, Lumpkins argues his counsel was constitutionally ineffective because he "failed to properly serve a subpoena, the court denied the continuance[,] and the jury did not hear about Y-STR DNA testing that showed three different males' DNA in the vagina of the [victim]." Dkt. No. 12-1 at 79. In his petition for discretionary review, however, Lumpkins does not raise ineffective assistance of counsel as an error in the prior ruling. Dkt. No. 12-1 at 279-305. He also failed to raise ineffective assistance of counsel in his PRPs. *See* Dkt. Nos. 12-1 at 113-131, 135-143, 394-399; 12-2 at 7-34, 115-121.

The Court notes that Lumpkins attached a copy of the court of appeals decision to his petition for discretionary review and the court of appeals decision addresses his ineffective assistance of counsel claim, so arguably he presented this as a possible issue in his petition to the State Supreme Court. Dkt. No. 12-1 at 320-338. "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if

ORDER - 8

that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin,*, 541 U.S.at 32.But the Ninth Circuit has found fair presentation where the petitioner appends a copy of another brief or petition that contains their arguments with the requisite references to the facts and law. *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005). Here, Lumpkins does not include his appellate briefing, he merely attaches the lower court opinion, which is not sufficient under *Baldwin.*

It is unclear from the record before the Court whether Lumpkins fully exhausted his fourth ground for relief. Although in his prior PRPs, Lumpkins raises issues with the use of his Illinois identification card, he does not argue specifically that it violated his constitutional rights to use it in the photo montage presented to the victim. *See* Dkt. No. 12-1 at 117, 138, 196, 208-213. Lumpkins does, however, raise this issue in his petition for discretionary review to the Washington Supreme Court, although it is not raised in the direct appeal briefs. Dkt. No. 12-1 at 58-88, 298.

3.3   **The Court partially adopts the R&R.**

As explained above, the Court finds Lumpkins properly exhausted his claims on Grounds 1 and 3. The Court finds that Lumpkins does not show the state courts' adjudication of these claims was contrary to, or an unreasonable application of, clearly established federal law, so the Court adopts Judge Christel's conclusion finding the same.

Exhaustion does not impact the Court's analysis of Lumpkins claim that the victim's identification of him in the photo montage was tainted because a police officer unlawfully seized his Illinois identification card in 2014 (Ground 4). The R&R recommends that the Court dismiss Ground 4 because Lumpkins fails to state a plausible claim given that he had the opportunity in state court to argue his Illinois identification card was unlawfully seized during his state court proceedings. "[W]here the State has provided an *opportunity* for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (emphasis added). Thus, whether Lumpkins properly exhausted his claim about unlawful seizure does not change the conclusion that he has failed to state a cognizable claim under § 2254 since he was afford an opportunity be heard by the State. *See Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990). Because Ground 4 is not a cognizable claim, the Court adopts the R&R and denies the petition with respect to Ground 4. Accordingly, the Court OVERRULES Lumpkins's objections with respect to Grounds 1, 3, and 4.

3.4 **The Court orders supplemental briefing on Lumpkins's ineffective assistance of counsel claim.**

For Ground 2, the R&R found that Lumpkins did not establish "a reasonable probability the result of the trial would have been different but for counsel's failure to properly subpoena Laura Kelly," and thus Lumpkins "failed to demonstrate the state court's conclusion that counsel was not ineffective for failing to properly

ORDER - 10

subpoena Laura Kelly was contrary to, or an unreasonable application of, clearly established federal law." Dkt. No. 13 at 12.

The R&R does not address whether Lumpkins fully exhausted his claim or whether it is procedurally defaulted from federal review because neither party raised these issues in their briefing. If the state fails to raise procedural default as an affirmative defense, a court may consider the issue waived or chose to raise it sua sponte where it is obvious from the face of the petition. *Vang v. Nevada*, 329 F.3d 1069, 1073 (9th Cir. 2003). When the state fails to raise procedural default in its response, however, courts may consider it to have waived this defense. *Id.*

A district court may stay a habeas petition and hold it in abeyance to allow the petitioner to return to state court and present their unexhausted grounds for relief under certain circumstances. "A stay and abeyance [are] appropriate when the petitioner demonstrates 'good cause' for his failure to exhaust his claims in state court, where his claims are not plainly meritless, and where he has not engaged in 'abusive litigation tactics.'" *Dixon v. Baker*, 847 F.3d 714, 720 (9th Cir. 2017) (quoting *Rhines v. Weber*, 544 U.S. 269, 278 (2005).Lumpkins does not argue he had good cause for his failure to exhaust his ineffective assistance of counsel claim in state court. Nor does he argue that his claim would be meritorious even though he is likely barred from raising it in state court at this time. Under Washington law, "[n]o petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1). Collateral attacks include, among other

ORDER - 11

things, a "personal restraint petition [and] a habeas corpus petition[.]" RCW 10.73.090(2).

> [A] judgment becomes final on the last of the following dates: (a) The date it is filed with the clerk of the trial court; (b) The date that an appellate court issues its mandate disposing of a timely direct appeal from the conviction; or (c) The date that the United States Supreme Court denies a timely petition for certiorari to review a decision affirming the conviction on direct appeal. . . .

RCW 10.73.090(3)(a)-(c).

Here, Lumpkins's amended judgment became final on May 11, 2021. Dkt. No. 12-2 at 125.[1] Lumpkins filed his federal habeas petition more than a year later on November 2, 2022. Dkt. No. 1. And the grounds he raised do not qualify for a statutory exception to the one-year limit under RCW 10.73.100. Therefore, Lumpkins must demonstrate it would not be futile to stay the case to allow him to further exhaust his ineffective assistance of counsel claim at the state level.

## 4. CONCLUSION

Accordingly, the Court partially ADOPTS the R&R and OVERRULES Lumpkins's objection, and partially DECLINES to adopt the R&R. It ORDERS Lumpkins to file a supplemental brief addressing (1) good cause for his failure to exhaust his ineffective assistance of counsel claim in state court; and (2) whether a

---

[1] In an order reviewing Lumpkins' 2022 PRP, the court of appeals found the judgment became final on March 11, 2021, the date Superior Court Judge Edwards signed an Order Amending and Modifying Judgment and Sentence. Dkt. No. 12-2 at 125 (citing RCW 10.73.090(3)(a)). Even if the Court were to adopt the March date as the final date, it is of no use to Lumpkins because he would still be procedurally barred given that it would set the date from which the cutoff runs even earlier. Moreover, although referenced by other orders, the Order Amending and Modifying Judgment and Sentence signed by Judge Edwards on March 11, 2021, is missing from the state court record currently before the Court.

stay would be futile given the time constraint of RCW 10.73.090. Lumpkins must file his supplemental brief within 21 days of this order, and it must be no longer than 12 pages. The state must file a response brief, also no longer than 12 pages, addressing Lumpkins's brief and whether it has waived the defense of procedural default within 7 days of being served with Lumpkins's response.

The Clerk is direct to send copies of this Order to Petitioner, counsel for Respondent, and the Honorable David W. Christel.

Dated this 29th day of March, 2024.

                                                                                   Jamal N. Whitehead
                                                                                  United States District Judge