UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM W. LUMPKINS, <br><br> Petitioner, <br><br> v. <br><br> JASON BENNETT, <br><br> Respondent. | CASE NO. 3:22-cv-5852-JNW <br><br> ORDER GRANTING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL |

## 1.  INTRODUCTION

This matter comes before the Court on Petitioner William W. Lumpkins's motion to appoint counsel. Dkt. No. 20. Respondent Jason Bennett did not respond. For the reasons discussed below, the Court GRANTS Lumpkins's request for counsel, contingent on locating counsel that would be willing to represent him.

## 2.  BACKGROUND

On October 16, 2015, in the Superior Court of Washington for Grays Harbor County, a jury found Lumpkins guilty of first-degree rape and second-degree assault with sexual motivation. Dkt. No. 12-1 at 40. On December 4, 2015, the trial court imposed concurrent indeterminate sentences of 184 months to life on the rape

ORDER GRANTING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL - 1

conviction and 53 months to life on the assault conviction. *Id.*; *see also id.* at 25. After a partially successful appeal, the trial court entered judgment against Lumpkins on the first-degree rape charge and dropped the sexual assault charge. *Id.* at 2.

Lumpkins petitioned for post-conviction relief in the state courts. Because the Court previously recounted the full procedural history in its prior order, it does not provide those details here. *See* Dkt. No. 18 at 2–3. After seeking post-conviction relief in the state court, Lumpkins petitioned for a writ of habeas corpus in federal court raising four grounds for relief: (1) the state failed to prove sexual intercourse—an essential element of his rape conviction; (2) he received ineffective assistance from his counsel because his lawyer failed to properly call and subpoena the Y-STR DNA analyst as an expert witness; (3) the state engaged in prosecutorial misconduct by arguing Lumpkins used a condom, even though Lumpkins argues no evidence supported that statement; and (4) the state presented the victim with a tainted photo montage that included a picture of Lumpkins photoshopped from his Illinois identification card that police unlawfully seized. Dkt. No. 7 at 5–10. Although Respondent Jason Bennett opposed the petition on the merits, he acknowledged "Lumpkins properly exhausted his claims by fairly presenting the claims to the Washington courts[.]" Dkt. No. 11 at 6.

The Honorable David W. Christel, United States Magistrate Judge, issued a report and recommendation finding the state court's adjudication of grounds one, two, and three was not contrary to, nor an unreasonable application of, clearly established federal law. Dkt. No. 13 at 19. He also concluded that ground four did

not state a cognizable claim under § 2254. *Id.* As a result, Judge Christel recommended that this Court deny Lumpkins habeas petition on all four grounds. Lumpkins objected, claiming for the first time, that he had not fully exhausted his claims before the state courts. Dkt. No. 17.

Considering Lumpkins's objection de novo, this Court partially adopted the R&R. Dkt. No. 18. The Court found that Lumpkins properly exhausted his claims on grounds 1 and 3 and that exhaustion did not impact its analysis of ground 4. *Id.* at 6–10. For ground 2, the Court ordered Lumpkins to file a supplemental brief addressing (1) good cause for his failure to exhaust his ineffective assistance of counsel claim in state court; and (2) whether a stay would be futile given the time constraint of RCW 10.73.090. *Id.* at 12-13.

Lumpkins failed to file a supplemental brief. Instead, he moved for appointment of pro bono counsel. *See* Dkt.

### 3. DISCUSSION

The constitutional right to appointed counsel "exist[s] only where the litigant may lose [their] physical liberty if [they lose] the litigation." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). In its discretion, a court may appoint counsel for indigent litigants in civil actions proceeding in forma pauperis (IFP) under 28 U.S.C. § 1915(e)(1). *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). But the Court cannot compel counsel to provide representation. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). Instead, the Court may only "request" counsel to serve. 28 U.S.C. § 1915(e)(1).

Similarly, the Court cannot appoint publicly funded counsel. "The Supreme Court has declared that 'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress[.]'" *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989) (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976)). Congress has not provided funds to pay counsel secured under 28 U.S.C. § 1915(e). *See United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 801 (9th Cir. 1986).

The decision to request *pro bono* counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotation omitted). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate [their] claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither of these factors is dispositive, and the factors must be viewed together before reaching a decision regarding appointment of counsel. *Id.* at 1331.

In response to the Court's order for supplemental briefing Lumpkins stated he is "not sure what [he's] supposed to write a brief on" and that he needs legal help. Dkt. No. 20. The remaining issues in this matter involve exhaustion, a complicated procedural matter.

Although Lumpkins demonstrated he can independently file a petition, the Court agrees that the exhaustion issue presented by this case is complex and

requires sophisticated legal analysis. As a result, the Court finds that Lumpkins's case is appropriate for the Court to request appointment of pro bono counsel.

## 4. CONCLUSION

Accordingly, the Court GRANTS Lumpkins's motion for appointment of counsel, Dkt. No. 20—contingent on identifying a pro bono attorney who is available and willing to accept such an appointment.

The Court directs the Clerk of Court to take the necessary steps to try and identify an attorney or law firm from the Court's Pro Bono Panel to represent Lumpkins, even if only on a limited basis, in this case. The scope of the engagement will ultimately be between the attorney and client. The Court advises Lumpkins that it cannot force an attorney to take this case, and it is possible that a pro bono attorney will not be found, and that he will remain unrepresented. If the Court cannot locate an attorney willing to represent Lumpkins, it will notify the parties that its inquiry was unsuccessful.

Dated this 11th day of October, 2024.

Jamal N. Whitehead
United States District Judge