UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM W. LUMPKINS, | CASE NO. 3:22-cv-5852 |
| Petitioner, | DISMISSAL ORDER |
| v. | |
| JASON BENNETT, | |
| Respondent. | |

The Court raises this matter of its own accord. Petitioner William Lumpkins has been repeatedly ordered to file supplemental briefing related to his habeas petition. First, on March 29, 2024, the Court ordered Lumpkins to file a supplemental brief addressing (1) good cause for his failure to exhaust his ineffective assistance of counsel claim in state court; and (2) whether a stay would be futile given the time constraint of RCW 10.73.090. Dkt. No. 18 at 12–13. Lumpkins did not comply. Dkt. No. 28.

On November 25, 2024, the Court appointed counsel to help Lumpkins address Respondent Jason Bennett's argument that Lumpkins properly exhausted his state court remedies on his ineffective assistance of counsel claim, that the state

DISMISSAL ORDER - 1

court reasonably rejected his ineffective assistance of counsel claim under clearly established federal law, and that nothing supports staying this case. Dkt. Nos. 19, 22. By January 2025, appointed counsel were prepared to provide the supplemental briefing but could not do so because Lumpkins failed to provide written authorization for counsel to file on his behalf. *See* Dkt. No. 29. Without filing the ordered supplemental briefing, Counsel withdrew from the case on September 23, 2025. Dkt. No. 30.

Finding that supplemental briefing was "nearly two months overdue," the Court ordered Lumpkins to file his brief by December 22, 2025. Dkt. No. 31 at 2. The Court explicitly warned Lumpkins that should he fail to comply, "the Court *will* dismiss his habeas petition for failure to prosecute and for failure to comply with a court order." *Id.* (citing *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002)) (emphasis added).

As of the date of this Order, Lumpkins has not filed his supplemental briefing despite the Court's explicit warnings. Because Lumpkins has failed to file his brief in compliance with multiple orders of the Court, the Court DISMISSES the action without prejudice for failure to prosecute and failure to comply. *See* Fed. R. Civ. P. 41(b); *Pagtalunan*, 291 F.3d at 643.

Dated this 14th day of January, 2026.

Jamal N. Whitehead
United States District Judge

DISMISSAL ORDER - 2